22929. TODD v. CONNER et al.

CANDLER, Justice. On January 1, 1956, Tom T. Fellows borrowed $6,500 from W. C. Todd and as security for repayment of the loan executed and delivered to him a security deed to certain realty in Coffee County. The security deed was duly recorded and W. C. Todd insists that the note Fellows gave him has not been paid and his security deed is for that reason of full force and effect. Subsequent to the execution of the security deed, Fellows conveyed the same land to other named persons who in turn conveyed it to W. C. Conner and L. J. Christopher, Jr. Todd, claiming that his note from Fellows was past due and unpaid, filed a suit on it against him in the Superior Court of Troup County. W. C. Conner, L. J. Christopher, Jr. and the parties from whom they obtained title to the land in question, together with Fellows brought a suit against Todd in Coffee County in which they prayed for a

judgment declaring the note which Fellows gave Todd had been paid in full; that the security deed from Fellows to Todd had been fully satisfied by such payment; and for an injunction to restrain Todd from prosecuting the suit he had filed against Fellows in Troup County. No demurrers were interposed to the petition. By his answer Todd denied that his note from Fellows had been paid and averred that his security deed was of full force and effect and that he had not authorized its cancellation. On the trial a jury found in favor of the plaintiffs and on that verdict a decree was entered permanently enjoining the defendant Todd from prosecuting his suit against Fellows in Troup County and directing the clerk to mark the note from Fellows to Todd "Paid" and deliver it and the security deed to Fellows. The defendant filed a motion for new trial on the usual general grounds and amended it by adding a special ground which alleges that the court erred in allowing in evidence over objection certain original pages from the deed records of Coffee County which showed the recording and cancellation of the security deed from Fellows to Todd. His amended motion was overruled and the exception is to that judgment. *Held:*

1. Respecting the general grounds of the motion for new trial, the plaintiff Fellows testified positively that the note for $6,500 he gave the defendant Todd on January 1, 1956, had been paid in full by him and that the defendant Todd gave him a written order directing the clerk of the Superior Court of Coffee County to cancel the deed he had given Todd as security for the repayment of his loan and that he carried the order to such clerk and personally saw him cancel such deed of record. On the other hand, the defendant Todd testified that the note Fellows gave him for $6,500 had not been paid and that he had not authorized cancellation of the deed given as security therefor. Since there was evidence which authorized a verdict in favor of the plaintiffs, the general grounds of the motion for new trial are without merit.

2. The special ground of the motion for new trial alleges that the court erred in allowing in evidence certain original pages from a deed record of Coffee County which shows a cancellation of the security deed involved. The introduction of such pages was objected to solely on the ground that the order for cancellation appearing thereon was a forgery. Since there was evidence that Todd had by written order authorized the

Clerk of the Superior Court of Coffee County to cancel of record the security deed involved and his entry of cancellation shows such authority, we hold that the court did not err in allowing such pages in evidence for the jury's consideration, and a different ruling is not required because the defendant Todd testified that the order for cancellation of such deed was a forgery.

3. For reasons stated in the two preceding divisions of this opinion, the judgment complained of is not erroneous.

*Judgment affirmed. All the Justices concur.*

ARGUED APRIL 13, 1965—DECIDED MAY 10, 1965—REHEARING DENIED MAY 18, 1965.

*McDonald & Mills, J. C. McDonald,* for plaintiff in error. *Marshall Ewing, M. L. Preston,* contra.